UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL VILLALOBOS HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>ROBERTO A. ARIAS,<br><br>Respondent. | No.  1:25-cv-00812-KES-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PREMATURE PETITION**<br><br>**[Doc. 16]**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition challenging his conviction on June 9, 2025. On September 5, 2025, Respondent filed a motion to dismiss the petition as premature. (Doc. 16.) Petitioner did not file an opposition. Upon review of the pleadings, the Court finds that it should abstain from interfering in ongoing state court proceedings, and the petition should be dismissed.

**DISCUSSION**

A.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

1  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

2  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

3  dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.

4  2001).

B.   Background

Petitioner is incarcerated at Calipatria State Prison pursuant to a 2022 judgment of the Kings County Superior Court. (Doc. 15-1 at 1.) Petitioner appealed the conviction and sentence to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). (Doc. 15-2.) On August 7, 2024, the Fifth DCA vacated the sentence and remanded the matter for resentencing. (Doc. 15-2 at 50.) The judgment was otherwise affirmed. On October 23, 2024, the California Supreme Court denied the petition for review. (Doc. 15-4.) On August 14, 2025, Petitioner was resentenced. He appealed the judgment and the appeal is pending. (Doc. 15-5.)

C.   Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. In order to be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's

2

1    alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The
2    exhaustion requirement can be satisfied by providing the highest state court with a full and fair
3    opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404
4    U.S. 270, 276 (1971)
5        In this case, the Court should abstain from interfering in ongoing state proceedings. First,
6    the appeal for Petitioner's resentencing is still pending, and thus, judgment is not final. The
7    Supreme Court has stated: "'Final judgment in a criminal case means sentence. The sentence is
8    the judgment.'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States,
9    302 U.S. 211, 212 (1937)); see also Duke v. Gastelo, 64 F.4th 1088, 1091 (9th Cir. 2023) (noting
10   judgment was not final until appeal of the petitioner's modified sentence concluded). Second,
11   resentencing proceedings implicate an important state interest in enforcing criminal laws without
12   federal interference. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in
13   administering their criminal justice systems free from federal interference is one of the most
14   powerful of the considerations that should influence a court considering equitable types of relief")
15   (citing Younger, 401 U.S. at 44-45). Finally, the California state courts provide an adequate
16   forum in which Petitioner may pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1,
17   15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy,
18   in the absence of unambiguous authority to the contrary."). When the state proceedings have fully
19   concluded and his conviction becomes final, Petitioner may seek federal habeas relief. See, e.g.,
20   Fellows v. Matteson, 2020 WL 4805022 (C.D. Cal. May 18, 2020) (prisoner "may seek federal
21   habeas relief after his California state criminal proceedings, including his pending SB 620 motion
22   in the California Court of Appeal, have concluded with a final judgment of conviction."). For
23   these reasons, the Court does not find that extraordinary circumstances warrant intervention.
24       The Court further notes that "courts in the Ninth Circuit have abstained under Younger
25   when a habeas petitioner's state resentencing appeal is pending." Duke v. Gastelo, 2020 WL
26   4341595, at *4 (C.D. Cal. June 24, 2020), adopted, 2020 WL 4339889 (C.D. Cal. July 28, 2020);
27   Vanhook v. Burton, 2020 WL 5203439 (E.D. Cal. Sept. 1, 2020) (recommending denial of
28   motion for stay and dismissal of federal habeas petition due to pending state appeal for

resentencing); *adopted*, 2020 WL 5943013 (E.D. Cal. Oct. 7, 2020); Phillips v. Neuschmid, 2019 WL 6312573, at *3 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing;" recommending dismissal of habeas petition due to pending state appeal for resentencing); *adopted*, 2019 WL 6310269 (C.D. Cal. Nov. 22, 2019) (collecting cases).

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition be DISMISSED WITHOUT PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 7, 2025**                              */s/ Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE