UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL VILLALOBOS HERNANDEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROBERTO A. ARIAS,<br><br>　　　　　Respondent. | No. 1:25-cv-00812-KES-SKO (HC)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATION**<br><br>**FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS PREMATURE PETITION**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition challenging his conviction on June 9, 2025. On September 5, 2025, Respondent filed a motion to dismiss the petition as premature. (Doc. 16.) Petitioner did not file an opposition.[1] On October 7, 2025, the Court issued Findings and Recommendation to grant the motion to dismiss. (Doc. 17.) The parties were granted twenty-one (21) days to file objections. On November 19, 2025, Petitioner filed objections. (Doc. 18.) Having considered the objections, the Court will vacate the earlier Findings and Recommendations and recommend the motion be denied.

---

[1] In his objections, Petitioner complains that he was not served with a copy of Respondent's motion to dismiss and therefore was unable to oppose the motion. The point is moot as the Court has considered the arguments raised in his objections and will recommend denying the motion.

1

**DISCUSSION**

A.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.   Background

Petitioner is incarcerated at Calipatria State Prison pursuant to a 2022 judgment of the Kings County Superior Court. (Doc. 15-1 at 1.) Petitioner appealed the conviction and sentence to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). (Doc. 15-2.) On August 7, 2024, the Fifth DCA vacated the sentence and remanded the matter for resentencing. (Doc. 15-2 at 50.) The judgment was otherwise affirmed. On October 23, 2024, the California Supreme Court denied the petition for review. (Doc. 15-4.) On August 14, 2025, Petitioner was resentenced. He appealed the judgment and the appeal is pending. (Doc. 15-5.)

C.   Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; (3) the state proceedings afford adequate opportunity to raise the constitutional issue; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." Duke v. Gastelo, 64 F.4th 1088, 1094 (9th Cir. 2023); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a

2

1  state court judgment be exhausted before federal court intervention is permitted.  Dubinka, 23
2  F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court
3  proceedings still considered pending).
4       In his objections, Petitioner clarified that the current appeal concerned only resentencing
5  issues and did not provide him with an opportunity to raise constitutional challenges to the
6  conviction.  He also states that he has abandoned his appeal and notified the California Court of
7  Appeal of the same. In Duke, the Ninth Circuit held that the third requirement for Younger
8  abstention was not satisfied when a federal habeas petition was filed while a petitioner's state
9  resentencing proceedings were ongoing, when the state resentencing proceeding did not provide
10  the petitioner the opportunity to raise the constitutional challenge brought in his federal petition."
11  Duke, 64 F.4th at 1094-99.
12       Here, the appellate court determined that Petitioner was improperly sentenced on Counts 2
13  through 6. (Doc. 15-2 at 49.) The court remanded the case to the trial court to resentence
14  Petitioner and forward the amended abstract of judgment to the Department of Corrections and
15  Rehabilitation. (Doc. 15-2 at 50.) In all other respects, including Petitioner's constitutional
16  claims, the judgment was affirmed. (Doc. 15-2 at 50.) Thus, Petitioner is correct that the third
17  requirement for Younger abstention is not met, because the due process claims raised in his
18  federal petition were already presented and denied by the state courts, and he did not have the
19  opportunity to re-raise them in his resentencing proceeding. Further, Petitioner states he has
20  abandoned his appeal so there are no ongoing state proceedings. Younger's comity concerns are
21  therefore not implicated. This Court has previously held that Younger abstention is not
22  appropriate in such a case. See Larios v. Alomari, 2025 WL 82303 (E.D. Cal. Jan. 13, 2025).

**ORDER**

24      Accordingly, the Court VACATES the Findings and Recommendations of October 7,
25  2025 (Doc. 17).

**RECOMMENDATION**

27      For the foregoing reasons, the Court RECOMMENDS that Respondent's motion to
28  dismiss be DENIED and Respondent be directed to file a response to the petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:  **November 21, 2025**            /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE